UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARK DAIGLE** | **CASE NO.  2:23-CV-01100** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **C M H MANUFACTURING INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court ARE three (3) intertwined motions: (1) "Motion to Stay Proceedings and Compel Arbitration" filed by Defendant Spartan Housing, LLC ("Spartan") (doc. 23); (2) "Motion to Stay Pending Arbitration" filed by Defendant, CMH Manufacturing, Inc. ("CMH") (doc. 30); and (3) "Motion to Stay Claims Against National Fire & Marine Insurance Company and Robert L. Lee" filed by  Defendants, National Fire and Lee (doc. 36).

## INTRODUCTION

Plaintiff, Mark Daigle, purchased from Spartan, a modular home manufactured by CMH and transported by Defendant Lee. Due to alleged defects in the home, Daigle seeks a return of the purchase price caused by the combined fault of CMH, Spartan, and Lee.

Spartan moves to arbitrate the dispute based on the Arbitration Agreement which provides that:

> all claims, demands, disputes or controversies of every kind or nature between them arising from, concerning or relating  to any of the negotiations involving the transactions; the terms and provisions of agreements; the arrangements for financing the performance of the agreements of condition of the property; or any other aspect of the transaction shall be, at the request

of either party settled by binding arbitration conducted pursuant to the provisions of the Federal Arbitration Act (FAA) 9 U.S.C. § 1 et seq. . . .[1]

Daigle and Spartan are the only signatories to this particular Arbitration Agreement.[2] Spartan has also requested a stay of these proceedings pending the arbitration. Defendant, National Fire & Marine Insurance Company ("National Fire"), Lee's insurer, does not object to the granting of the stay, but objects to the extent that Daigle's claims against National Fire and Lee are not subject to arbitration, since they are not signatories to the Arbitration Agreement. Consequently, National Fire and Lee have filed the Motion to Stay pending the Daigle and Spartan's arbitration proceeding as the claims against them involve the same operative facts.

CMH also moves to stay this action pending arbitration due to the Arbitration Agreement under CMH's One Year Limited Warranty and Binding Dispute Resolution Agreement, which includes an agreement to mediate, and failing successful mediation, to arbitrate the claims alleged in Daigle's Petition.[3] Plaintiff and CMH unsuccessfully mediated his claims on November 17, 2022. Again, Lee and Spartan do not object to staying the case of compelling arbitration. Their objection is only that they are not parties to the Arbitration Agreement, thus they cannot be compelled to arbitrate.

## LAW AND ANALYSIS

---

[1] Arbitration Agreement, Defendant's exhibit, doc. 23-3, p. 15.
[2] *Id.*
[3] Defendant's exhibit 2, Declaration of Duke Boyd, ¶ ¶ 4, and exhibits 2A and 2B attached thereto, doc. 30-3.

It appears from the record that no party objects to this suit proceeding to arbitration. The only stated objection is by National Fire and Lee, such that whatever claims Daigle may have against them, they are not subject to the arbitration agreements disclosed above because they are not signatories, and/or parties to those agreements.

Arbitration is a matter of contract, and a court cannot compel a party to submit to arbitration any disputes that the party has not agreed to submit. *Prasad v. Bullard*, 51 so.3d 35, 39 (La. App. 5 Cir. 10/12/10). Before the court may compel arbitration, two threshold determinations must be made: (1) whether "a valid arbitration agreement between the parties exist," and (2) whether "the dispute at issue falls within the scope of the agreement." *Webb v. Masshia*, 841 So.2d 848, 850 (La. App. 5 Cir. 1/11/03). Here, there is no arbitration agreement between Daigle, and National Fire and Lee.  Therefore, these Defendants cannot be compelled to arbitrate any claims against them by Daigle. However, they do not object to the matter being stayed pending the other parties to this litigation arbitrating their disputes.

As to the Motion to Compel Arbitration between Daigle and Spartan, and Daigle and CMH, there are valid Arbitrations Agreements.  The Court also notes that Daigle has not objected to the Motion to Compel Arbitration, or the Motions to Stay this litigation pending arbitration.

CMH contends that despite Daigle not signing the One Year Limited Warranty and Binding Dispute Resolution Agreement, his consent is clear because he requested and received warranty service and repairs from CMH. Thus, his actions show the effect or validity of the agreement. *In re Succession of Taravella*, 734 So.2d 149, 151 (La. App. 5

Cir. 4/27/99). In *Southern Energy Homes, Inc. v. Ard*, 772 So.2d 1131, 1134-35 (Ala. 2000), the Alabama Supreme Court concluded that a manufactured hom owner's request and receipt of warranty service and repairs under the manufacturer's warranty containing an arbitration provision constituted acceptance of the arbitration provision.

CMH points to Louisiana Civil Code article 1927 that provides that "[u]nless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." See also *O'Quin v. Verizon Wireless*, 256 F.Supp.2d 512 (M.D. La. 2003) (arbitration agreement in unsigned wireless service Terms and Conditions pamphlet was enforceable because agreement was in writing, purchaser received the pamphlet and purchaser activated wireless services without objecting to the arbitration clause.)

CMH argues that here Daigle expressed consent to arbitrate his claims against CMH by purchasing the home subject to a written manufacturer's warranty containing the CMH Arbitration Agreement and thereafter requesting and receiving service and repairs pursuant to that warranty and arbitration agreement. Daigle also participated in mediation as required by the CMH Arbitration Agreement. Thus, CMH argues that his consent to arbitration has been established.

The Court agrees. Here, there are two valid Arbitration Agreements to which Daigle offers no arguments to invalidate. Daigle agreed in two separate written contracts to arbitrate his claims and as noted by Defendant, CMH, Daigle's claims are "allegations of substantially interdependent and concerted misconduct." As such, the Court finds that they are valid agreements to arbitrate. Accordingly,

**IT IS ORDERED** that the Motion to Stay Proceedings and Compel Arbitration" filed by Defendant Spartan Housing, LLC ("Spartan") (doc. 23) is **GRANTED** and this matter is stayed pending arbitration proceedings between Plaintiff, Daigle and Spartan; the "Motion to Stay Pending Arbitration" filed by Defendant, CMH Manufacturing, Inc. ("CMH") (doc. 30) is **GRANTED** pending arbitration between Plaintiff Daigle and CMH; and the (3) "Motion to Stay Claims Against National Fire & Marine Insurance Company and Robert L. Lee" filed by Defendants, National Fire and Lee (doc. 36) is **GRANTED** pending arbitration between Daigle and Spartan, and Daigle and CMH; Defendants, Lee and National Fire are not compelled to arbitrate.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of January, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE